UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80714-CIV-MARRA/JOHNSON

OSCAR VALLESILLO, RAMON GUTIERREZ,
and RAMON ZAMORA,

Plaintiff,

vs.

REMACA TRUCK REPAIRS, INC, a Florida
corporation, and RENE CASTANEDA, individually,

Defendant.

_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiffs/Counter-Defendants Oscar Vallesillo ("Vallesillo") and Ramon Zamora's ("Zamora") Motion to Dismiss Counterclaim (DE 10) and Plaintiffs' Vallesillo, Ramon Gutierrez, Zamora's (collectively, "Plaintiffs") Motion to Strike Affirmative Defenses (DE 11). The Court has carefully considered the motions and is otherwise fully advised in the premises.

I.  Background

On May 12, 2009, Plaintiffs filed a Complaint against Defendants Remaca Truck Repairs, Inc. ("Remaca") and Rene Castaneda ("Castaneda") (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216.  (DE 1.)  Subsequently, on June 19, 2009, Remaca filed a Counterclaim against Plaintiffs Vallesillo and Zamora which asserted that these Plaintiffs rented housing on Remeca's business premises for $150.00 per month and failed to pay Remeca rent during the period of August 2008 through March 2009. (Counterclaim ¶ ¶ 3-4.)  In addition, Defendants filed the following affirmative defenses:

**First Affirmative Defense**: Plaintiffs fail to state a cause of action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") against the Defendants for overtime compensation 29 U.S.C. § 207. Plaintiffs have been properly paid for all hours worked.

**Second Affirmative Defense:** Plaintiffs are not entitled to liquidated damages under the applicable law because Defendants assert that all actions taken by Defendants were performed in good faith and based upon reasonable grounds, wherein Defendants believed the practices to be in full compliance with all applicable laws.

**Fifth Affirmative Defense:** Defendants are entitled to a credit and/or set-off in the amount of all non-cash payments made to Plaintiffs, and all those similarly situated, in the form of Employer-furnished board, lodging or other facilities pursuant to 29 U.S.C. § 203(m), including unpaid rent due and owing.

Plaintiffs argue the counterclaim is unrelated to the complaint and impermissibly seeks to diminish the FLSA recovery. Defendants[1] respond that a claim for set-off is not barred in a FLSA case and that the counterclaim is compulsory or, in the alternative, permissive. In addition, Plaintiffs have moved to strike the first, second and fifth affirmative defenses.[2]

II.  Discussion

The Court begins its analysis with an examination of the Supplemental Jurisdiction statute, 28 U.S.C. § 1367. That statute provides in pertinent part:

> ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

In determining whether state law claims "are so related" to a federal claim, a court should

---

[1] Although the counterclaim is brought by Remeca, the response memorandum is filed on behalf of both Defendants.

[2] Plaintiffs also moved to strike the third and fourth affirmative defenses. However, Defendants concedes that those affirmative defenses should be stricken.

examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir.1996); see Lucero v. Trosch, 121 F.3d 591, 598 (11th Cir.1997) (finding state and federal claims derive from common nucleus of operative facts because the claims rely on identical actions of defendants); Palmer v. Hospital Auth. of Randolph County, 22 F.3d 1559,1563-64 (11th Cir.1994) (standard met when federal and state claims involve same witnesses, presentation of same evidence, determination of same facts); L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir.1984) (acts by same witnesses were basis for both federal and state claims).

It is without question that a claim brought pursuant to the FLSA provides a private right of action, grounded in federal law, and therefore creates federal question jurisdiction. 29 U.S.C. 216(b), 28 U.S.C. § 1331; see Palmer, 22 F.3d at 1563. The pivotal question before the Court then is whether the Counterclaim and the FLSA claim arise out of a common nucleus of operative facts. The Court finds that it does not. Simply put, the evidence and witness testimony needed to prove the FLSA violation will differ greatly from the evidence needed to prove the Counterclaim. Presumably, Plaintiffs will present evidentiary records relating to hours worked and pay received from Defendants as well as testimony from Plaintiffs, and possibly co-workers, regarding the hours worked by Plaintiffs. In contrast, Defendants will need to show evidence of the oral agreement entered into between the parties and the subsequent breach of the agreement. Hence, these claims do not rely on identical actions of the parties and will require separate proof to demonstrate the allegedly wrongful conduct. The only factor these claims share in common is that they concern identical parties; i.e., Plaintiffs and Defendants. The Court finds such a nexus too attenuated to meet the standard for exercising supplemental jurisdiction. See Lyon v.

Whisman, 45 F.3d 758, 762 (3d Cir. 1995) (insufficient nexus between the plaintiff's FLSA claim and state law contract and tort claims to justify supplemental jurisdiction when the only link between these claims is the "general employer-employee relationship" between the parties).

Defendants, however, rely upon Ward v. Winter Garden Business Park, LLC, No. 6:06-cv-53-Orl-31-KRS, 2006 WL 1382108 (M.D. Fla. May 19, 2006) for support that the counterclaim is compulsory. In Ward, the plaintiff's FLSA claim included an allegation that the defendant did not receive any compensation whatsoever for certain weeks he worked. The defendant's counterclaim alleged that, as part of the plaintiff's pay, he was entitled to live rent-free in an apartment on premises. According to the allegations of the counterclaim, the plaintiff requested permission to move into the premises prior to the facility being open for business, but the plaintiff left before he began working for the defendant. The counterclaim sought reimbursement for rent, utilities and water. Id. at * 1. The court in Ward discussed various issues that would need to be resolved, including the amount of the plaintiff's wages that were represented by the free rent and utilities. Id. at * 2. In doing so, Ward recognized that 29 U.S.C. § 203 defined "wage" as including "the reasonable cost ... to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees." 29 U.S.C. § 203(m). As such, in determining the plaintiff's FLSA claim, it was also necessary to consider the defendant's counterclaim. In contrast, the counterclaim in the instant case does not allege that Plaintiffs' wages consisted of lodging. Instead, the counterclaim alleges that the parties entered into a rental agreement whereby each Plaintiff paid Defendants $150.00 per month. In other words, while both the instant case and Ward concerned allegations of employees who received lodging from

their employers, there are no allegations in the instant case that the rental agreement had any relationship to the wages paid to Plaintiffs.[3]

Alternatively, Defendants argue that the counterclaim is permissive. To be sure, there is a line of cases recognizing that permissive counterclaims for set-off may proceed, despite the lack of an independent basis for jurisdiction, when the counterclaim is interposed defensively as a set-off to reduce a plaintiff's recovery but does not seek affirmative relief. See Lefkovitz v. Wagner, 395 F.3d 773, 781 (7th Cir. 2005); United States v. Heyward-Robinson Co., 430 F.2d 1077, 1081 n.1 (2d Cir. 1970); Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 715 (5th Cir. 1970); Owner-Operator Independent Drivers Assoc., Inc. v. Arctic Express, Inc., 238 F. Supp. 2d 963, 969 (S.D. Ohio 2003); Allapattah Svcs., Inc. v. Exxon Corp., 157 F. Supp. 2d 1291, 1322-23 (S.D. Fla. 2001); see also 13 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3523 (2d ed. 1984). Thus, if this exception applies it would allow Defendants to present evidence to reduce Plaintiff's recovery, if Plaintiff prevails on his FLSA claims.[4]

Before the Court considers that possibility, however, it must first consider the applicability of a set-off defense in FLSA cases. In Brennan v. Heard, the former Fifth Circuit

---

[3] The Court notes that Defendants cite to 29 U.S.C. § 203(m) in its response memorandum and state that the Court "should consider whether Defendants' claim for breach of contract regarding unpaid rent as a set-off to any recovery to which Plaintiffs may be entitled." (Resp. at 3.) Notably, Defendants do not state that Plaintiffs' wages included lodging.

[4] The Court notes that some Circuits have held that 28 U.S.C. § 1367, which became law in 1990, "displaced . . . whatever validity inhered in the earlier view that a permissive counterclaim requires independent jurisdiction." Jones v. Ford Motor Credit Co., 358 F.3d 205, 213 (2d Cir. 2004); accord Channell v. Citicorp Nat'l Servs., Inc., 89 F.3d 379 (7th Cir. 1996). The Eleventh Circuit has not spoken on this issue. Neither will this Court, given its discussion of set-offs in FLSA cases.

considered the appropriateness of set-offs applied for the value of goods furnished by the employer to the employee against the amount due in back pay in a FLSA case. Brennan v. Heard, 491 F.2d 1, 3 (5th Cir. 1974), overruled on other grounds, McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988). That case held that, in FLSA cases, set-offs may not result in sub-minimum wage payments to an employee. Id. at 1. In rejecting the use of set-offs in FLSA cases, the Brennan Court stated that the "FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court. . . .Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions." Id. at 4. A later Fifth Circuit case, Singer v. City of Waco, Tex., 324 F.3d 813, 828 n.9 (5th Cir. 2003) pointed out that Brennan does not prohibit a set-off when the set-off will not cause a plaintiff's wages to dip below the statutory minimum. In Singer, overpayments of wages paid to employees in some work periods were set-off against shortfalls in other work periods. Id. at 828. In other words, the set-off in Singer did not cause the employees' wages to fall below the statutory minimum wage. Id. at 828 n.9.

      Hence, while the defense of set-off is not barred in all FLSA cases, see Morrison v. Executive Airport Refinishing, Inc., 434 F. Supp. 2d 1314, 1321 (S.D. Fla. 2005), the instant case falls under the Brennan rule, and not the exception identified in Singer. Here, Plaintiffs claim that they were not paid for overtime hours worked. Any set-off applied to a recovery by Plaintiffs would result in Plaintiffs failing to receive their "cash in hand." Brennan, 491 F.2d at 4. Unlike Singer, the set-off and counterclaim asserted here do not involve an overpayment of wages by Defendants to Plaintiffs. Thus, allowing such a set-off would invariably cause Plaintiffs

not to receive the overtime payments they were allegedly entitled to under the FLSA. Therefore, given that this type of set-off is not an appropriate affirmative defense in a FLSA case, it would be inappropriate to allow this Counterclaim to proceed. If Defendants were to prevail on their Counterclaim, any judgment in Plaintiffs' favor on the FLSA count would be reduced to below the minimum wage. Such a result would run afoul of Brennan. For that reason, Defendants should instead file a separate action in the proper forum to pursue the claims alleged in the Counterclaim. Moreover, based on the foregoing, the Court shall strike the fifth affirmative defense for set-off for insufficiency as a matter of law. See Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (affirmative defenses may be stricken if the defense is insufficient as a matter of law).

Turning to the remaining affirmative defenses, the Court notes that Rule 12(f) of the Federal Rules of Civil Procedure provides that "[u]pon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

With respect to Plaintiff's motion to strike the first and second affirmative defenses, the Court notes that, while labeled affirmative defenses, they are actually denials of Plaintiffs' FLSA claim. Simply put, a statement that alleges a defect in the plaintiff's case is a denial, not an affirmative defense. See Westfield Ins. Co. v. Northland Ins. Co., No. 08-80748-CIV, 2008 WL 4753994, at * 2 (S.D. Fla. Oct. 28, 2008); Bluewater Trading LLC v. Willmar USA, Inc., No.

07-61284-CIV, 2008 WL 4179861, at * 2 (S.D. Fla. Sept. 9, 2008).  Accordingly, the Court will strike these, as they are not affirmative defenses.  However, Defendants are not precluded from challenging Plaintiffs' assertions that Defendants violated FLSA or that Plaintiffs are entitled to liquidated damages.

III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs/Counter-Defendants's Motion to Dismiss Counterclaim (DE 10) is **GRANTED**.  The Counterclaim is dismissed without prejudice.  Plaintiffs' Motion to Strike Affirmative Defenses (DE 11) is **GRANTED**.  Affirmative Defenses one, two, three, four and five are stricken.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of December, 2009.

_____
KENNETH A. MARRA
United States District Judge